USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: SATYAM COMPUTER SERVICES LTD. SECURITIES LITIGATION

No. 09-MD-2027-BSJ

**FINAL ORDER AND JUDGMENT AS TO THE PWC ENTITIES**

WHEREAS:

A. On April 27, 2011, the Public Employees' Retirement System of Mississippi, Mineworkers' Pension Scheme, SKAGEN AS, and Sampension KP Livsforsikring A/S (collectively, "Lead Plaintiffs"), on behalf of themselves and the Class, named plaintiffs International Brotherhood of Electrical Workers Local Union #237 ("IBEW") and Brian F. Adams, and defendants PricewaterhouseCoopers International Limited, Price Waterhouse (Bangalore), PricewaterhouseCoopers Private Limited, PricewaterhouseCoopers LLP ("PwC USA"), and Lovelock & Lewes (together the "PwC Entities" or the "Settling Defendants") entered into a stipulation and agreement of settlement (the "Stipulation") in the above-titled litigation (the "Action").

B. Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement with the PwC Entities, entered May 12, 2011 (the "Preliminary Approval Order"), the Court scheduled a hearing for September 8, 2011, at 3:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

C. The Court ordered that the Notice of (I) Pendency of Class Action; (II) Proposed Settlements with Satyam Computer Services Ltd. and the PwC Entities; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Joint Notice") and a Proof of Claim and Release Form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all Class Members who could be identified with reasonable effort, and that a Summary Notice of (I) Pendency of Class Action; (II) Proposed Settlements with Satyam Computer Services Ltd. and the PwC Entities; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Joint Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal, Investor's Business Daily and The Financial Times* and transmitted over *Business Wire* within fourteen (14) calendar days of the Notice Date.

D. The Joint Notice and the Joint Summary Notice advised Class Members of the date, time, place and purpose of the Settlement Hearing. The Joint Notice further advised that any objections to the Settlement were required to be filed with the Court and served on designated counsel for the Settling Parties so that they were received by no later than twenty (20) calendar days prior to the Settlement Hearing, *i.e.* by no later than - August 19, 2011.

E. The provisions of the Preliminary Approval Order as to notice were complied with.

F. On August 1, 2011, Lead Plaintiffs moved for final approval of the Settlement. The Settlement Hearing was duly held before this Court on September 8, 2011, at which time all interested Persons were afforded the opportunity to be heard.

G. This Court has duly considered Lead Plaintiffs' motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only and only with respect to Class Members who did not validly exclude themselves from the Class and the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons and entities who: (a) purchased or otherwise acquired Satyam Computer Services Ltd. ("Satyam") American Depositary Shares ("ADSs") traded on the New York Stock Exchange (the "NYSE"); and/or (b) were investors residing in the United States at the time they purchased or otherwise acquired Satyam ordinary shares traded on the National Stock Exchange of India or the Bombay Stock Exchange (the "Indian Exchanges"), during the period from January 6, 2004 through January 6, 2009 inclusive (the "Class Period") and who were damaged thereby (the "Class"). The Class includes the Sub-Classes consisting of: (a) all persons who exercised options to purchase Satyam ADSs pursuant to Satyam Employee ADS Plans during the Class Period and who were damaged thereby; and (b) all United States residents who exercised options to purchase Satyam

ordinary shares pursuant to Satyam Employee Ordinary Share Option Plans during the Class Period and who were damaged thereby. Excluded from the Class are the Defendants; persons who, during the Class Period, were officers and/or directors of Satyam or of its parent, subsidiaries and/or affiliates; persons who, during the Class Period, were officers, directors, members or partners in any other entity Defendant or any of their respective parents, subsidiaries and/or affiliates; any entity in which any Defendant has or had a controlling interest; the Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; members of the immediate families of any of the foregoing and their legal representatives, heirs, successors or assigns. Also excluded from the Class are Persons 1-6 on Exhibit A, attached hereto, who timely and validly sought exclusion from the Class or who validly sought exclusion from the Class, but it was untimely for good cause shown.

4. Aberdeen Claims Administration, Inc. (the "Aberdeen Trustee") submitted a request for exclusion from the Class, dated August 15, 2011 (the "Aberdeen Opt Out Request"). Satyam has objected to the validity of Aberdeen Opt Out Request and whether the Aberdeen Opt Out Request effectively excludes Aberdeen Claims Trust, Aberdeen Claims Trust II, or the following Persons from the Class: (1) Aberdeen EAFE plus SRI Fund, a series of Aberdeen Delaware Business Trust, (2) Aberdeen EAFE plus Ethical Fund, a series of Aberdeen Delaware Business Trust, (3) City of Albany Employees Pension Trust, (4) Franciscan Sisters of Chicago, (5) The City of New York Deferred Compensation Plan, (6) Aberdeen Global - Responsible World Equity Fund, (7) Aberdeen ICVC - Ethical World Fund, (8) Mackenzie Financial Corporation-Mackenzie Universal Sustainable Opportunities Capital Class, (9) Aberdeen Canada - Socially Responsible International Fund, (10) Aberdeen Canada - Socially Responsible Global Fund, (11) NCB Capital Company, (12) Raiffeisen Kapitalanlage-Gesellsc mbh R 77-Fonds

Segment B, (13) Thrivent Partners Emerging Markets Portfolio, a series of Thrivent Series Fund, Inc., (14) Aberdeen Asia Pacific excluding Japan Fund, a series of Aberdeen Delaware Business Trust, (15) Aberdeen Emerging Markets Equity Fund, a series of Aberdeen Delaware Business Trust, (16) Aberdeen Asia Pacific including Japan Fund, a series of Aberdeen Delaware Business Trust, (17) Halliburton Company Employee Benefit Master Trust, (18) First Trust/Aberdeen Emerging Opportunity Fund, (19) Aberdeen Emerging Markets Fund Institutional Fund, a series of Aberdeen Funds and (20) Thrivent Partner Worldwide Allocation Fund, a series of Thrivent Mutual Funds (collectively "Aberdeen Trusts and the Aberdeen Investors"). Without effect to the other provisions of this Final Order and Judgment, the Court reserves judgment as to whether the Aberdeen Opt Out Request is valid pending discovery and further briefing to the Court on a schedule to be agreed upon by Satyam and the Aberdeen Trustee. By reserving decision as to the validity of the Aberdeen Opt Out Request, the Court is not limiting in any way the arguments that may be raised by the PwC Entities or by the Aberdeen Trustee with respect to this issue.

a. Should the Court ultimately determine that the Aberdeen Opt Out Request is valid, then the Court will enter an order so finding. The Settling Parties and the Aberdeen Trusts and the Aberdeen Investors agree that such order shall be effective as of the date of this Judgment.

b. Should the Court ultimately determine that the Aberdeen Opt Out Request is not valid, then the Court shall allow a reasonable amount of time for the Aberdeen Investors to deliver to the Claims Administrator individual requests for exclusion that comply with the requirements of the Preliminary Approval Order and Notice (other than the filing deadline specified therein), and may, at its discretion, enter an order finding that all such requests that comply with the requirements of the Preliminary Approval Order and Notice (other than with respect to the filing deadline specified therein) are valid and accepted as if they had been submitted

by the filing deadline specified in the Preliminary Approval Order and Notice. The Settling Parties and the Aberdeen Investors agree that such order shall be effective as of the date of this Judgment.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs Public Employees' Retirement System of Mississippi, Mineworkers' Pension Scheme, SKAGEN AS, Sampension KP Livsforsikring A/S, and IBEW as Class Representatives for the Class; certifying plaintiff Brian F. Adams as Class Representative for the Sub-Classes; and appointing Grant & Eisenhofer P.A., Bernstein Litowitz Berger & Grossmann LLP, Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP as Class Counsel for the Class and the Sub-Classes.

6. The notification provided for and given to the Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process.

7. The proposed Settlement of the Action on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against the Settling Defendants and the risks of establishing liability and damages and the costs of continued litigation. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations

between experienced counsel representing the interests of Lead Plaintiffs, the Class and the Settling Defendants.

8. The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and the Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9. The Consolidated Class Action Complaint, filed July 17, 2009 and the First Amended Consolidated Class Action Complaint ("FAC") filed on February 17, 2011 are hereby dismissed in their entirety as to the PwC Entities, with prejudice, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

10. The Court further finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11. Upon the Effective Date, Lead Plaintiffs and each and every other Class Member, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Plaintiffs' Claims as against each and every one of the Released Settling Defendants Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Plaintiffs' Claims against any of the Released Settling Defendants Parties. Nothing in the above shall prejudice the rights of Lead Plaintiffs or any other Class Member to participate in: (a) the distribution of any funds recovered by any governmental or regulatory agency in connection with or emanating from any investigation or inquiry relating to any of the

Released Settling Defendants Parties; and (b) the distribution of any funds recovered by Satyam based on any claims that it may decide to bring against the PwC Entities.

12. Upon the Effective Date, the Settling Defendants and each of the other Released Settling Defendants Parties, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Settling Defendants' Claims as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Settling Defendants' Claims against any of the Released Plaintiff Parties.

13. Pursuant to Section 21D-4(f)(7)(A) of the PSLRA, the PwC Entities are discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Persons based upon, relating to, or arising out of the Released Plaintiffs' Claims. Any and all Persons are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all claims for contribution, however styled, (where the injury to such Person is such Person's liability to the Lead Plaintiffs and the Class), arising out of or in any way related to the claims or allegations in this Action, whether arising under state, federal or common law, or the laws of India or any other applicable jurisdiction, as claims, cross-claims, counterclaims, or third-party claims, in this Action or as a separate action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, India or elsewhere (collectively, the "Barred Contribution Claims") against the PwC Entities; and the PwC Entities are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all Barred Contribution

Claims against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Judgment. Any final verdict or judgment obtained by or on behalf of Lead Plaintiffs, the Class or any Class Member shall be reduced as provided by the PSLRA.

14. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15. This Judgment and the Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Settling Defendants or Lead Plaintiffs for any purpose (except as provided in ¶ 47 of the Stipulation), and in particular:

(a) do not constitute, and shall not be offered or received against the Settling Defendants as, evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Settling Defendants with respect to the truth of any fact alleged by Lead Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of the Settling Defendants;

(b) do not constitute, and shall not be offered or received against the Settling Defendants as, evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendants, or against Lead Plaintiffs or any other members of the Class as evidence of any infirmity in the claims of Lead Plaintiffs or the other members of the Class;

(c) do not constitute, and shall not be offered or received against the Settling Defendants or against Lead Plaintiffs or any other members of the Class as, evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against the Settling Defendants, Lead Plaintiffs or any other members of the Class as, an admission or concession that the consideration to be given under the terms of the Stipulation represents the amount which could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against the Settling Defendants that they have waived any claims or defenses available to them against any Person who is not a member of, or is excluded from, the Class; and

(f) do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Class or any of them that any of their claims are without merit or infirm or that damages recoverable under the FAC would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Court hereby finds that the proposed Plan of Allocation of the Net Settlement Fund, as set forth in the Joint Notice, is in all respects, fair and reasonable, and the Court hereby approves the Plan of Allocation. The Court hereby finds that the formula for the calculation of the claims of claimants that is set forth in the Joint Notice provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The parties to the Stipulation are hereby directed to consummate and perform its terms.

20. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses, including the expenses, if any, of the Lead Plaintiffs and/or class representatives as allowed by the Court. Such order or any appeal therefrom shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (e) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (f) other matters related or ancillary to the foregoing.

22. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is expressly directed.

Dated: September 13, 2011

**Honorable Barbara S. Jones**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

1) James Broscious
2) Pascal Charest
3) Phyllis S. Clements
4) Suryanarayana Gorthy
5) Frank Webb
6) Natalia Romana